Scott E. Davis
State Bar No. 016160
SCOTT E. DAVIS, P.C.
20827 North Cave Creek Road, Suite 101
Phoenix, AZ  85024

Telephone:  (602) 482-4300
Facsimile:  (602) 569-9720
email: davis@scottdavispc.com

*Attorney for Plaintiff David Weibe*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| David Weibe,<br><br>             Plaintiff,<br><br>      v.<br><br>Unum Life Insurance Company of America;<br>Pacific Union College, Association of<br>Independent California Colleges and<br>Universities Long Term Disability Plan,<br><br>             Defendants. | Case No.<br><br>**COMPLAINT** |

Now comes the Plaintiff David Wiebe (hereinafter referred to as "Plaintiff"), by and through his attorney, Scott E. Davis, and complaining against the Defendants, he states:

### *Jurisdiction*

1.       Jurisdiction of the Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover employee benefits.  In addition, this action may be brought before this Court pursuant to 28

U.S.C. §1331, which gives the Court jurisdiction over actions that arise under the laws of the United States.

### Parties

2.      At the time the events occurred in this matter, Plaintiff was a resident of Maricopa County, Arizona.

3.      Upon information and belief, Defendant Pacific Union College (hereinafter referred to as the "Company") sponsored, subscribed to and administered a group disability insurance policy which was fully insured and administered by Unum Life Insurance Company of America (hereinafter referred to as "Unum"). The specific Unum policy is known as 593513 006.

4.      The Company's purpose in subscribing to the Unum policy was to provide disability insurance for its employees. Upon information and belief, the Unum policy may have been included in and part of the Association of Independent California Colleges and Universities Long Term Disability Plan (hereinafter referred to as the "Plan") which may have been created to provide Company's employees with welfare benefits. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1).

5.      Upon information and belief, the Company or Plan may have delegated responsibility for the plan and/or claim administration of the policy to Unum. Plaintiff believes that as it relates to his claim, Unum functioned in a fiduciary capacity as the Plan and/or Claim Administrator.

6.      Upon information and belief, Plaintiff believes Unum operated under a conflict of interest in evaluating his claim due to the fact it operated in dual roles as the decision maker with regard to whether Plaintiff was disabled as well as the payor of

benefits; *to wit,* Unum's conflict existed in that if it found Plaintiff was disabled it was also liable for payment of those benefits.[1]

7.    The Company, Plan and Unum conduct business within Maricopa County and all events giving rise to this Complaint occurred within Maricopa County.

### Venue

8.    Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391.

### Nature of the Complaint

9.    Incident to his employment, Plaintiff was a covered employee pursuant to the Plan and the relevant policy and a "participant" as defined by 29 U.S.C. §1002(7). Plaintiff seeks disability income benefits from the Plan and the relevant policy pursuant to §502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B) as well as any other employee benefits he may be entitled to as a result of being found disabled.

10.    After working for the Company as a loyal employee for twelve (12) years, Plaintiff became disabled due to serious medical conditions and was unable to work in his designated occupation as an Albion Manager on or about October 22, 2007.  Plaintiff has remained disabled as that term is defined in the relevant policy continuously since that date and has not been able to return to any occupation as a result of his serious medical conditions.

---

[1] "A plan administrator's dual role of both evaluating and paying benefits claims creates the kind of conflict of interest referred to in Firestone. *That conclusion is clear where it is the employer itself that both funds the plan and evaluates the claim*, but a conflict also exists where, as here, the plan administrator is an insurance company. For one thing, the employer's own conflict may extend to its selection of an insurance company to administer its plan." *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343 (U.S. 2008) (emphasis added).

11.     Plaintiff thereafter applied for long term disability benefits under the relevant Unum policy.

12.     The relevant UNUM policy provides the following definition of a covered disability and applies to Plaintiff's claim:

You are disabled when Unum determines that:

-you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and

-you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury

After 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience.

13.     The relevant Unum policy further provides the following limitation of disability benefits (hereinafter referred to as "disability benefit limitation provision"):

Disabilities, due to sickness or injury, which are primarily based on self-reported symptoms, and disabilities due to mental illness have a limited pay period up to 24 months.

14.     In support of his claim for long term disability benefits Plaintiff submitted to Unum medical records from his treating physicians supporting his total disability and the fact he met the definition of disability set forth by the relevant Unum policy.

15.     Unum notified Plaintiff by letter dated November 21, 2008 that it had denied his claim for benefits.

16.     Plaintiff timely appealed the denial of his claim in a letter dated May 5, 2009.

17.     As part of his appeal, Plaintiff submitted additional evidence to support his claim for disability benefits.  This evidence included a narrative letter from his board certified Internist, a functional capacity evaluation conducted by a licensed physical

-4-

therapist, a vocational report from a vocational rehabilitation and labor market consultant, as well as three (3) affidavits wherein all individuals concluded Plaintiff is unable to work.

18.    In a letter dated July 2, 2009 Unum informed Plaintiff it was deferring the evaluation of his appeal until it was in receipt of a copy of Plaintiff's Social Security Administration record which occurred in connection with Plaintiff's application for Social Security Disability Insurance benefits.

19.    In a letter dated July 10, 2009 Unum informed Plaintiff it was requesting a copy of a neuropsychological evaluation Plaintiff had undergone.

20.    In a letter dated July 16, 2009 Plaintiff submitted to Unum the neuropsychological evaluation as well as a Mental Medical Source Statement completed by the same neuropsychologist which set forth limitations that precluded Plaintiff from engaging in any gainful occupation.

21.    In a letter dated July 23, 2009, Plaintiff notified Unum of his Social Security Disability Insurance Notice of Award dated July 14, 2009 wherein Social Security notified Plaintiff it had found he met the definition of disability for Social Security and was unable to work in any occupation as of October 21, 2007.

22.    In a letter dated September 14, 2009 Unum notified Plaintiff it had completed its appellate review of his claim for long term disability benefits.  Unum reversed its original decision and agreed to pay Plaintiff benefits.  The letter further notified Plaintiff his claim was approved under the disability benefit limitation provision of the relevant policy, which limits his eligibility to a maximum of twenty-four (24) months, or until April 18, 2010.

23.    Unum's review of Plaintiff's medical records was flawed because it was selective and sought to de-emphasize evidence he submitted which proved he was disabled

and that his medical condition(s) which caused his disability were not limited by the policy's disability benefit limitation provision.

24.   Upon information and belief, Unum knew that if it approved Plaintiff for disability benefits beyond the policy's disability benefit limitation provision, it would potentially be required to continue paying Plaintiff disability benefits well beyond the two (2) year limitation set forth in the relevant policy.

25.   In a letter dated April 13, 2010 Unum notified Plaintiff it was discontinuing Plaintiff's benefits as of April 18, 2010, after concluding his medical conditions were subject to a limitation on benefits and it had paid Plaintiff the maximum amount of benefits allowed under the policy.

26.   In a letter dated April 13, 2010, without any evidence Plaintiff's medical condition had improved or he was able to engage in any gainful occupation for which he is reasonably fitted given his serious medical conditions, Unum notified Plaintiff it was discontinuing his claim for long term disability benefits after erroneously concluding Plaintiff had failed to provide sufficient evidence to support the on-going severity of his serious medical conditions.  Unum's denial letter confirms it failed to provide a full and fair review pursuant to ERISA because it completely failed to reference, consider and/or selectively reviewed most if not all of Plaintiff's evidence submitted.

27.   Unum's denial failed to provide Plaintiff with a full and fair review by failing to properly investigate his claim in violation of ERISA, specifically 29 C.F.R. § 2560.503-1(h) because it again completely failed to reference, consider and/or selectively reviewed most if not all of his evidence which adequately documented objective medical evidence of his serious medical conditions and the fact he continued to meet the relevant definition of disability and that his claim was not subject to a policy limitation.  Unum denied Plaintiff a

lawful, full and fair review pursuant to ERISA for various reasons including but not limited to, failing to consider all evidence submitted by Plaintiff or de-emphasizing the medical evidence supporting Plaintiff's disability, failing to consider all the limitations set forth in his medical evidence, failing to obtain a peer review evaluation from a disinterested, qualified physician, failing to obtain any independent medical evaluation of Plaintiff's serious medical conditions, failing to evaluate the combination of all of Plaintiff's serious medical conditions and failing to consider the combined effect of Plaintiff's medications and improperly applying a policy limitation on the payment of benefits in order to save itself money when one did not exist in Plaintiff's case.  The evidence submitted by Plaintiff to Unum is sufficient for this Court to find that he met the "any occupation" definition of disability in the relevant Unum policy and that his claim was not subject to any policy limitation on the payment of benefits.

28.    Unum has been criticized by federal courts for the manner in which it selectively reviews claims and terminates them when it is in the company's best interest. The $26,394,765.39 dollar verdict and this Court's findings of fact as rendered in *Merrick v. Paul Revere Life Ins*., 594 F. Supp. 2d 1168 (D. Nev. 2008) *(*Attached hereto as Exhibit "A" is a copy of the *Merrick* decision), provides ample evidence of Unum's conflicts of interest and the self-serving manner in which it manages, evaluates and denies disability claims.

29.    Plaintiff believes discovery is necessary in this litigation for the Court to fully understand Unum's and any individual's conflict of interest who was involved in the review of his claim and how those conflicts either alone or in combination resulted in the denial of his claim.[2]

30.    Unum has notified Plaintiff he has exhausted his administrative appeals.

---

[2]  Paul Revere Life Insurance Company is a subsidiary of UnumProvident Corporation.

31.     Plaintiff believes a reason Unum terminated his claim for long term disability benefits is due to its aforementioned structural financial conflict of interest in that it was the sole decision maker with regard to whether Plaintiff was disabled pursuant to the policy and the payor of benefits if it approved Plaintiff's claim - Unum saved money when it terminated Plaintiff's benefits.

32.     In evaluating Plaintiff's claim on appeal, Unum had an obligation pursuant to ERISA to administer Plaintiff's claim "solely in his best interests and other participants" which it failed to do.[3]

33.     Plaintiff believes the reason Unum provided an unlawful review which was neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, is due to its conflict of interest and this conflict is the reason his disability claim was denied.

34.     Plaintiff is entitled to discovery regarding the aforementioned conflicts of interest of Unum and any individual who reviewed his claim and the Court may properly weigh and consider evidence regarding the nature, extent and effect of *any* conflict of interest which may have impacted or influenced Unum's decision to deny his claim.

35.     With regard to whether Plaintiff meets the definition of disability set forth in the policy, the Court should review the evidence in Plaintiff's claim *de novo* because the unlawful violations of ERISA committed by Unum as referenced herein are flagrant.

---

[3] It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," Firestone, 489 U.S., at 113, 109 S. Ct. 948, 103 L. Ed. 2d 80 (quoting § 1133(2)); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see § 1132(a)(1)(B). *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2350 (U.S. 2008).

36.     As a direct result of Unum's decision to deny Plaintiff's disability claim he has been injured and suffered damages in the form of lost disability benefits in addition to other potential employee benefits he may have been entitled to receive through or from the Plan and/or Company as a result of being found disabled.

37.     Pursuant to 29 U.S.C. §1132, Plaintiff is entitled to recover unpaid benefits, prejudgment interest, reasonable attorney's fees and costs from Defendants.

38.     Plaintiff is entitled to prejudgment interest at the rate of 10% per annum pursuant to A.R.S. §20-462, or at such other rate as is appropriate to compensate him for the losses he incurred as a result of Defendants' nonpayment of benefits.

WHEREFORE, Plaintiff prays for judgment as follows:

A.     For an Order requiring Defendants to pay Plaintiff disability benefits as a result of being found disabled pursuant to the relevant policy's "any occupation" definition of disability from the date he was first denied these benefits through the date of judgment and prejudgment interest on those benefits as well as any other employee benefits he may be entitled to from the Plan and/or Company as a result of being found disabled;

B.     For an Order that any one or all of Plaintiff's disabling medical condition(s) are not subject to the relevant policy's "self reported" limitation for the payment of benefits;

C.     For an Order directing Defendants to continue paying Plaintiff the aforementioned benefits until such time as he meets the Plan or policy conditions for termination of benefits;

D.     For attorney's fees and costs incurred as a result of prosecuting this suit pursuant to 29 U.S.C. §1132(g); and

E.      For such other and further relief as the Court deems just and proper.


DATED this 9th day of July, 2010.

SCOTT E. DAVIS, P.C.

By:___*/s/ Scott E. Davis*_____
            Scott E. Davis
            Attorney for Plaintiff